UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS WADE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-1354 JAR |
| ) | |
| ACCOUNT RESOLUTION ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Dennis J. Barton and the Barton Law Group, LLC's Motion to Dismiss. (Doc. No. 11) The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

Plaintiff Thomas Wade brings this action against Defendants Account Resolution Corporation ("ARC"),[1] Dennis J. Barton, and the Barton Law Group, LLC, for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Plaintiff alleges that on or about September 16, 2014, a default judgment was taken against him in a state collection action brought by ARC to collect a debt on behalf of SLUCare. (Complaint ("Compl."), Doc. No. 1 at ¶¶ 7, 8) According to the Affidavit of Claim, no interest was accruing on the debt prior to any judgment being taken. (Id. at ¶ 9) When the default judgment was entered, however, Defendants added $190.14 in pre-judgment interest. (Id. at ¶ 10) Plaintiff contends that Defendants had no legal authority to add pre-judgment interest to the default

---

[1] Plaintiff and ARC have reached a settlement on Plaintiff's claims. (Doc. No. 25)

judgment. Defendants argue the Court need not reach the merits of Plaintiff's claim because it is time-barred.

**Legal standard**

A Rule 12(b)(6) motion challenges the adequacy of a complaint on its face. A limitations defense may properly be raised in a 12(b)(6) motion to dismiss when it "appears from the face of the complaint itself that the limitation period has run." R.W. Murray Co. v. Shatterproof Glass Corp., 697 F.2d 818, 821 (8th Cir. 1983); see also Jessie v. Potter, 516 F.3d 709, 713 n. 2 (8th Cir. 2008); Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004). For the purposes of a 12(b)(6) motion to dismiss, the Court takes all facts alleged in the complaint as true. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007); Joyce v. Armstrong Teasdale, LLP, 635 F.3d 364, 365 (8th Cir. 2011).

**Discussion**

Defendants contend that Plaintiff's complaint is time-barred because it was filed on August 31, 2015, one year and eighteen days after Plaintiff was served on August 13, 2014 with the petition and affidavit in the state court collection action. (Doc. No. 12 at 3-4) Plaintiff responds that the service date is relevant only where the FDCPA claim is based on allegations in the complaint in the state court action. Here, Plaintiff argues his claim is not based on the contents of Defendants' pleadings, but rather on the entry of default judgment awarding interest on September 16, 2014. (Doc. No. 16 at 2) Defendants reply that any FDCPA violation that arose from Defendants seeking interest accrued when Plaintiff was served with the state court petition, which specifically alleged that interest was due. (Doc. No. 18 at 2)

An action under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The statute of limitations is triggered in the Eighth

Circuit when the debt collector had "its last opportunity to comply with the FDCPA." Ness v. Gurstel Chargo, P.A., 933 F. Supp. 2d 1156, 1165 (D. Minn. 2013) (citing Mattson v. U.S. W. Commc'ns, Inc., 967 F.2d 259, 261 (8th Cir. 1992). In this case, Defendants' last such opportunity was when they obtained default judgment against Plaintiff on September 16, 2014. See Coble v. Cohen & Slamowitz, LLP, 824 F. Supp.2d 568, 570 (S.D.N.Y. 2011) (holding that the debtors' FDCPA claims accrued, and the one-year limitations period began to run, when the consumer collection law firm obtained default judgments against them in state-court debt collection actions). This action was filed on August 31, 2015, within the one-year limitations period.

Further, Plaintiff plausibly alleges that Defendants violated the FDCPA when they added pre-judgment interest to the default judgment when according to the affidavit of claim, no interest was accruing on the debt prior to judgment. See, e.g., Hasbrouck v. Arrow Fin. Servs. LLC, 09 Civ. 748(GLS), 2010 WL 1257885, at *1-3 (N.D.N.Y. Mar. 26, 2010) (FDCPA applies to statements in affidavits submitted by debt collector in default judgment application.); Gargiulo v. Forster & Garbus Esqs., 651 F. Supp.2d 188, 191-92 (S.D.N.Y. 2009) (applying FDCPA to statements in affidavits submitted by defendant law firm in default judgment application); Stolicker v. Muller, Muller, Richmond, Harms, Myers, and Sgroi, P.C., 04 Civ. 733(RHB), 2005 WL 2180481, at *4-5 (W.D. Mich. Sept. 9, 2005) (same). Thus, Defendants' motion to dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Dennis J. Barton and the Barton Law Group, LLC's Motion to Dismiss [11] is **DENIED**.

**IT IS FURTHER ORDERED** that no later than **September 9, 2016**, counsel shall file with the Clerk of the Court a joint proposed scheduling plan. All dates required to be set forth in the plan shall be within the range set forth below for Track 2: Standard.

**The parties' joint proposed scheduling plan shall include:**

(a)  whether the Track 2 Assignment is appropriate;

(b)  dates for joinder of additional parties or amendment of pleadings;

(c)  a discovery plan including:

(i) any agreed-upon provisions for disclosure or discovery of electronically stored information,

(ii) any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production,

(iii) a date or dates by which the parties will disclose information and exchange documents pursuant to Fed.R.Civ.P. 26(a)(1),

(iv) whether discovery should be conducted in phases or limited to certain issues,

(v) dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case,

(vi) whether the presumptive limits of ten (10) depositions per side as set forth in Fed.R.Civ.P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Fed.R.Civ.P. 33(a), should apply in this case, and if not, the reasons for the variance from the rules,

(vii) whether any physical or mental examinations of parties will be requested pursuant to Fed.R.Civ.P. 35, and if so, by what date that request will be made and the date the examination will be completed,

(viii) a date by which all discovery will be completed,

(ix) any other matters pertinent to the completion of discovery in this case,

(d) the parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive;

(e) dates for the filing of any dispositive motions;

(f) the earliest date by which this case should reasonably be expected to be ready for trial;

(g) an estimate of the length of time expected to try the case to verdict; and

(h) any other matters counsel deem appropriate for inclusion in the Joint Scheduling Plan.

4. **Disclosure of Corporate Interests:** All non-governmental corporate parties are reminded to comply with Disclosure of Corporate Interests by filing a Certificate of Interest with the Court pursuant to E.D.Mo. L.R. 2.09.

5. **Pro Se Parties:** If any party appears in this action pro se, such party shall meet with all other parties or counsel, participate in the preparation and filing of a joint proposed scheduling plan, and appear for the scheduling conference, all in the same manner as otherwise required by this order.

Upon receipt of the parties' joint proposed scheduling plan, the Court will enter a Case Management Order.

Dated this 19th day of August, 2016.

                                                                     */s/ John A. Ross*
                                                                     **JOHN A. ROSS**
                                                                     **UNITED STATES DISTRICT JUDGE**