# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| THOMAS WADE, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15-CV-1354 JAR |
| ACCOUNT RESOLUTION CORPORATION, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on competing motions for summary judgment. Plaintiff Thomas Wade brings this action against Defendants Dennis J. Barton, and the Barton Law Group, LLC ("Defendants")[1], for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The motions are fully briefed and ready for disposition.

**Facts**

The relevant facts are not disputed. On July 24, 2014, ARC sued Plaintiff in the Associate Circuit Court for St. Charles County, Missouri to recover an outstanding balance on Plaintiff's SLUCare account. ARC was the assignee of the debt. Defendants are regularly engaged in the collection of consumer debts and represented ARC in the state court action. Plaintiff received service of the summons and complaint in the state court action, but did not answer or otherwise respond. On September 16, 2014, Defendants appeared in state court on behalf of ARC and presented a proposed default judgment seeking judgment against Plaintiff in the amount of the

---

[1] Plaintiff and Defendant Account Resolution Corporation (ARC) reached a settlement on Plaintiff's claims and ARC was dismissed from this action. (Doc. Nos. 25, 30)

outstanding principal account balance of $1,203.00 and $190.14 in interest. The state court granted ARC's motion for default judgment, and entered the proposed judgment.

**Legal standard**

Summary judgment is appropriate when no genuine issue of material fact exists in the case and the movant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988). If the record demonstrates that no genuine issue of fact is in dispute, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether summary judgment is appropriate in a particular case, the evidence must be viewed in the light most favorable to the nonmoving party. Osborn v. E.F. Hutton & Co., Inc., 853 F.2d 616, 619 (8th Cir. 1988). When both parties move for summary judgment, the Court must analyze each motion individually and on its own merits. Wermager v. Cormorant Township Bd., 716 F.2d 1211, 1214 (8th Cir. 1983).

**FDCPA**

The FDCPA is designed "to eliminate abusive debt collection practices by debt collectors" and "to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt" including, "[t]he false representation of the character, amount, or legal status of any debt." §§ 1692e, e(10). Section 1692f prohibits a debt collector from employing any "unfair or unconscionable means to collect or attempt to collect any debt," with § 1692f(1) specifically prohibiting "[t]he collection

of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

The FDCPA is liberally construed to protect consumers. Layton v. CACH, LLC, No. 4:15CV00752 AGF, 2015 WL 6736121, at *4 (E.D. Mo. Nov. 4, 2015). The Act's prohibitions apply to collection efforts through litigation, but at the same time, the Act seeks to preserve the judicial remedies of creditors. Id. (citation omitted). The Eighth Circuit applies the "unsophisticated consumer" test in evaluating whether a debt collector's practices are false, misleading, or deceptive. Id. (citation omitted). The test "is designed to protect consumers of below average sophistication or intelligence," but also contains an "objective element of reasonableness." Id. (citation omitted). The determination of whether a plaintiff states a claim under the FDCPA based on litigation conduct is best decided on a case-by-case basis. Id. at 819.

**Defendants' motion for summary judgment**

As a threshold matter, Defendants have moved for summary judgment on the grounds that Plaintiff's complaint is time-barred because it was filed on August 31, 2015, one year and eighteen days after Plaintiff was served, on August 13, 2014, with the petition and affidavit in the state court collection action (Doc. No. 52 at 2-5). Defendants previously raised this same argument in a motion to dismiss (Doc. No. 11). The Court denied Defendants' motion, explaining that the one-year statute of limitations under the FDCPA is triggered when the debt collector has had its last opportunity to comply with the FDCPA, which in this case was when they obtained default judgment against Plaintiff on September 16, 2014. (Doc. No. 27 at 3, citing Coble v. Cohen & Slamowitz, LLP, 824 F. Supp. 2d 568, 570 (S.D.N.Y. 2011) (holding that the debtors' FDCPA claims accrued, and the one-year limitations period began to run, when the

consumer collection law firm obtained default judgments against them in state-court debt collection actions).

Defendants state they have "collected more evidence" that now supports summary judgment (Doc. No. 52 at 2 n.2); however, upon review, the Court finds nothing new in the evidence submitted by Defendants on the record that is relevant to the timeliness issue. Moreover, the Court is not persuaded by Defendants' attempts to distinguish <u>Coble</u> from the instant case. Defendants' cross motion for summary judgment will, therefore, be denied.

**Plaintiff's motion for summary judgment**

Plaintiff argues summary judgment is appropriate in this case because Defendants had no authority to collect prejudgment interest on his SLUCare account. He notes that the Affidavit of Account attached to the state court action was silent as to prejudgment interest, and asserts that Defendants did not consult ARC prior to collecting prejudgment interest (Doc. No. 34 at 4). The Court notes that Plaintiff does not dispute Defendants' calculation of prejudgment interest.

In response, Defendants assert that the actions taken to collect the debt owed by Plaintiff followed the usual and customary course of their business relationship with ARC and its principal, Jim Hill, which included "standing authority" to seek prejudgment interest in connection with collection actions (Doc. No. 53 at 4-5; Affidavit of Dennis J. Barton III ("Barton Aff."), Doc. No. 53-4 at ¶¶ 6, 8, 9, 11). Defendants further argue that prejudgment interest is permitted under Missouri law, which allows creditors to collect "interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made." Mo. Rev. Stat. § 408.020 (2000). (Doc. No. 53 at 5)

It is a violation of the FDCPA to collect or attempt to collect any amount, including interest, unless "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Because no written agreement between Plaintiff and SLUCare, the original creditor, has been submitted on the record, the Court is unable to determine whether Plaintiff had an agreement with SLUCare which allowed Defendants to recover prejudgment interest.

Nevertheless, a debt collector is allowed to collect prejudgment interest as permitted by law. Diaz v. Kubler, 785 F.3d 1326 (9th Cir. 2015). Missouri law requires a demand be made before prejudgment interest on a liquidated claim can start to accrue. Mo. Rev. Stat. § 408.020; Mueller v. Barton, No. 4:13CV2523 CAS, 2014 WL 4546061, at *7 (E.D. Mo. Sept. 12, 2014). "To be liquidated, the claim must be fixed and determined or readily ascertainable by computation or a recognized standard." Labrier v. State Farm Fire and Casualty Company, 147 F. Supp. 3d 839, 852 (W.D. Mo. 2015) (quoting Miller v. Gammon & Sons, Inc., 67 S.W.3d 613, 624 (Mo. Ct. App. 2001)). Interest is allowed from the time of demand, or if no demand is made, from the date a lawsuit is filed. Id. The demand need not be in any certain form or specifically request prejudgment interest; however, it must be definite as to amount and time. Haney v. Portfolio Recovery Associates, LLC, 837 F.3d 918, 929-30 (8th Cir. 2016) (internal citations and quotation marks omitted). Further, an express allegation in a petition seeking prejudgment interest is not a prerequisite to an award of such interest; a prayer for "such other relief as may be proper" is sufficient. Dierker Associates, D.C., P.C. v. Gillis, 859 S.W.2d 737, 746 (Mo. Ct. App. 1993); Holtmeier v. Dayani, 862 S.W.2d 391, 406 (Mo. Ct. App. 1993). Section 408.020 is applicable to the parties.

In the state court action, ARC stated that SLUCare had demanded payment and that Plaintiff had failed and/or refused to tender payment. (See Doc. No. 54-1 at ¶¶ 6, 7) ARC did not

indicate when demand was made by SLUCare, although Plaintiff does not argue that Defendants attempted to collect prejudgment interest for a period of time prior to demand being made. ARC further stated that after all offsets and credits due, the total balance remaining on Plaintiff's SLUCare account was $1,203.00 plus interest (Doc. No. 54-1 at ¶ 8). ARC also prayed for judgment in its favor "in the sum of $1,203.00, together with interest, costs of court and for all other relief this Court deems just and proper." Because there is no evidence of record establishing when SLUCare demanded payment, the filing of the state court action substitutes for a demand and starts the interest bearing period, to be computed as of the date of the judgment. See A.G. Edwards & Sons, Inc. v. Drew, 978 S.W.2d 386, 397 (Mo. Ct. App. 1998). In addition, the claim was fixed and determinable and therefore liquidated. Id. Thus, based on the record before the Court, Plaintiff has not established that Defendants' collection of prejudgment interest violated the FDCPA as a matter of law. Plaintiff's motion for summary judgment will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment Against Defendants Dennis Barton III and the Barton Law Group, LLC [34] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [50] is **DENIED**.

This matter is currently set for a jury trial on June 5, 2017. Due to the Court's scheduling conflict, the trial setting must be continued. The Court directs the parties to confer and submit three alternate trial dates **no later than Monday, May 15, 2017**. Counsel are reminded of the protective measures set forth in the Court's January 4, 2017 Order (Doc. No. 48). In particular, all communication between the parties shall be in writing, and any communication from Mr. Eason to Defendant Barton shall be directed to Defendant's counsel.

Dated this 10th day of May, 2017.

                                                                  _____
                                                                  **JOHN A. ROSS**
                                                                  **UNITED STATES DISTRICT JUDGE**